## THIRD NATIONAL BANK *v.* ROBINSON & HALL.

1. EVIDENCE. *Res Gestæ. Declarations and concurrent statements before the transaction. Admissible. When.* Hall overchecked for $2,000 on the Third National Bank of Nashville, with the understanding that he would purchase $3,000 of Tennessee Bank notes with the money, and place the same as a collateral to his check in the bank; Martin purchased the Tennessee Bank notes for Hall, and delivered them to him in his office, when Hall started to the bank, announcing his intention to place the package at once in the bank; this was all one transaction, and occurred at the same time; the bank denies the deposit.

    *Held,* It was competent to prove the entire transaction, the attending circumstances, the agreement to make the purchase, the drawing of the check, the fact that the notes were purchased by Martin, turned over to Hall, at or near the same time, Hall's statement during the transaction with regard to the package; Hall's remark to Martin that he was going to the bank to deposit the package. *Kirby* v. *The State* discussed and distinguished.

2. SAME. *Same. After the transaction.* Hall proves that immediately after making the deposit with the bank, he met his partner, Robinson, and had a conversation with him. Both Hall and Robinson were permitted, over objection, to prove that in this conversation Hall stated to Robinson the substance of the transaction, and that he had just before deposited the money with the bank.

    *Held,* At the time this evidence was admitted it was incompetent, which was upon the hearing of the plaintiffs testimony in chief, and not by way of rebutting testimony. But when all the evidence had been heard it became competent, and the Court did not err in refusing to reject it. We would not ordin-

arily reverse for the error of the Court, as to the order of introducing testimony.

Cases cited: Greener *v.* Morrow, 1 Cold., 123; 1 Greenleaf, § 469; Dossett *v.* Miller, 3 Sneed; Brown *v.* Lusk, 4 Yerg.

## FROM DAVIDSON.

Appeal from the Common Law Court. Jo. C. Guild, Judge.

DeMoss & Malone for the Bank.

Smith & Baxter for Robinson & Hall.

McFarland, J., delivered the opinion of the Court.

Robinson & Hall brought this action and recovered against the bank, the value of $3,000 in Tennessee Bank notes, alleged to have been deposited with the bank by Hall, about the 27th April, 1870, which it has not accounted for. The sole question in controversy was, whether or not, in fact, the bank notes had been deposited as alleged. For the plaintiffs the fact was directly proven by Hall. On the other hand, it was denied by the cashier of the bank, who was also examined as a witness. Each side claimed that its witness was corroborated by attending circumstances. The case before us presents two questions of evidence.

1. The history of the transaction as given by one of the plaintiffs, Hall, is in substance this: He was engaged with Robinson in purchasing Tennessee Bank notes, and ascertained that a lot of about $3,-000 could be bought at a certain price. He was at the time a customer of the bank, and had to his credit something more than $1,000, but not enough to

make the purchase. He made an arrangement with the cashier to allow him to draw for the full amount necessary to make the purchase, being an over-check for part, with the agreement that the bank notes, when purchased, should be deposited with the bank as collateral security. That he drew his check for the amount, payable to the order of Player Martin, to whom the check was paid, and who with the proceeds purchased the bank notes, turned them over to said witness, Hall, who at once deposited the package with the cashier.

The substance of all this arrangement, that is, the agreement to allow Hall to over-check to buy these notes, with the agreement that they should be deposited with the bank, the payment of the check to Martin for that purpose, is not denied by the bank. The same is in substance proven by the cashier, but, as we have stated, the fact of the deposit is denied.

Martin was examined as a witness, and proves that he drew on the check of Hall from the bank, $2,190, and bought for Hall $3,000 of Tennessee Bank notes from the People's Bank, took the package to his office, and counted and delivered the money to Hall.

The witness was then permitted to state, against the objection of the bank, that Hall said at the time " he was going to take the notes to the bank," not designating any particular bank. This is the first error relied upon.

The plaintiff's theory of the case, and in which

31

the defendant concurs, except in the fact of the deposit, is that this was all one transaction, and occurred at the same time. The substance of it is set forth in one count in the declaration. The question is, is this statement admissible as part of the *res gestœ.*

It is certainly true, that a mere statement by Hall that he was going to deposit money in bank, disconnected with any act at the time, would not be legal evidence going to establish the fact of deposit. But in order to sustain and corroborate Hall, it was competent to prove the entire transaction, the attending circumstances, the agreement to make the purchase, the drawing of the check, the fact that the notes were purchased by Martin, turned over to Hall, at or near the same time. Hall's statement during this transaction with regard to the identical package of bank notes, which were then in Hall's possession. If it was competent to prove the transaction between Martin and Hall, as a concomitant of the main fact, then what Hall said, as a part of his act, may be looked to as explanatory of it. It would seem pretty clear that if at the time Hall made the remark, he had been starting towards the bank with the money in his hands, and had said he was going to deposit it in bank, this would be admissible as explanatory of his act, of starting with the money in his hand, and to show the purpose then in his mind. As in *Kirby* v. *The State,* it was held competent to prove that the deceased was seen at Sparta, one evening, and said he was going

to the Pine Mountain next day to hunt a salt-petre cave.

The main fact in controversy in that case was, whether the deceased (Elrod) was murdered by Kirby; as a part of this transaction, it was held competent to prove the above statement, to show where Elrod was going at the time, and with what purpose.

The statement in question, in the present case, was certainly not definite, and could not have been of much importance, but, we think, was not incompetent.

The next question is as follows: Hall proves that immediately after making the deposit, and after leaving the bank, he met his partner, Robinson, and had a conversation with him; both Hall and Robinson were permitted, over objection, to prove that in this conversation Hall stated to Robinson the substance of the transaction, and that he had just before deposited the money with the bank. We think it clear that this was the narration of a past occurrence, and was not admissible as part of the *res gestæ*. In *Brown* v. *Lusk*, 4 Yerg., the question was, whether payment of a certain bill had been demanded in bank, it was held not competent for this purpose to prove that the party holding the paper said immediately after coming out of the bank that he had demanded payment.

But the question is, is this evidence admissible upon a different principle? Is it admissible thus to corroborate Hall by proving that this was his statement of the transaction immediately after it occurred?

The question is, where the credit of a witness is

attacked upon the ground that he had made statements inconsistent with his statement in Court, it is allowed to sustain him by proving that he had made other statements consistent with his evidence in Court.

Says Judge Caruthers, in *Dorsett* v. *Miller*, 3 Sneed: Upon this question there is very great conflict in the authorities. In 1 Greenleaf, § 469, such evidence is declared to be inadmissible, "unless where a design to misrepresent is charged upon the witness in consequence of his relation to the party or to the cause, in which case it seems it may be proper to show that he made a similar statement before that relation existed. We think," continues Judge C., "the case put by Mr. Greenleaf above is a proper one for the admission of previous consistent confirmatory statements, but would also allow it *in all cases where the evidence given in Court is impeached by proving former contradictory statements.*"

In *Treener* v. *Morrow*, 1 Cold., 123, the same was, in substance, held; that is, where it is attempted to establish that the statement on oath is a fabrication of recent date, or where a design to misrepresent from some motive is imparted to the witness, or where it is sought to destroy his credit by proof of contradictory representations, evidence of his having given the same account of the matter at a time when no motion existed and no influence had been brought to bear upon him to misrepresent the facts, ought to be received, because it naturally intends to inspire increased confidence of the sworn statement." The main fact

in this case, of necessity, depended upon the relative means of knowledge, memory and credit of the two opposing witnesses. The cashier of the bank was corroborated by many circumstances.

There was no attempt to prove specific contradictory statements of Hall, but various transactions and conversations of his were relied upon as being inconsistent with his evidence, that the deposit had been made. It was proven that in April or May, 1870, Hall was notified that he was overchecked, and he made the amount good, without saying any thing at the time of the $3,000 deposit. It was proven by the cashier that his agreement with Hall was to loan upon the deposits of Tennessee Bank paper as collateral, at the rate of fifty cents on the dollar; that Hall did make another deposit of $5,500 about the 30th of April, upon which an entry was made, crediting Hall with a loan of half the amount—$2,750. His book was balanced and his account rendered to him about the 30th of May, showing this statement, to which he made no objection. In September, 1870, the cashier says Hall was called on to pay interest on his loan; he noticed that he was only charged with one loan, of $2,750, when he said he had another loan on a package of $3,000. Witness told him he was mistaken, that no such package had ever been deposited, and his account rendered the 30th of May, to which no objection was ever made, showed this. Hall went away, as witness thought, satisfied

that he was mistaken; that it was proven by Hall, upon cross-examination, that in May he sent a telegram from New York asking the bank if they would pay a check of $1,000. At the time he had drawn less than $500 on his $5,500 deposit.

Hall's precise language is not proven, but these matters were proven and relied upon as contradictory representations made by Hall, after the principal transaction, and which were calculated to weaken the force of his evidence. In this view it was competent, under the rule stated, to corroborate the witness by showing that immediately after the date of the alleged transaction he gave the same account of it as given in his testimony.

Had Hall been a disinterested witness of the alleged deposit, and been assailed in the same manner, it would have been competent to sustain him, by proving his corroborating statement immediately after the transaction, for then he would have no known motive to misrepresent the truth. Hall, it is true, is a party, and his statement was not that of a disinterested witness, but the effect of our statute must be to remove the objection of interest.

At the time this evidence was admitted by the Judge it was not competent; it was heard upon the hearing of plaintiff's testimony in chief, and not by way of rebutting testimony; but, in our view, when all evidence had been heard, it became competent, and the Court did not err in then refusing to reject it.

Third National Bank *v.* Robinson & Hall.

We would not ordinarily reverse for the error of the Court as to the order of introducing testimony.

We think there is no substantial error, and the judgment will be affirmed.